## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### San Antonio Division

JACOB STAUFFER

          Plaintiff

vs.

CIVIL AIR PATROL,

WILLIAM SYDOW,

PAUL CREED III, and

WILLIAM BLATCHLEY

          Defendants.

Case No. 5:19-cv-1293

**JURY TRIAL DEMANDED**

## PLAINTIFF JACOB STAUFFER'S COMPLAINT

Plaintiff Jacob Stauffer ("Stauffer" or "Plaintiff") files this complaint to recover damages and for injunctive relief from the willful infringement of Stauffer's copyrights and unlawful removal of copyright management information from Stauffer's copyrighted materials by Defendants Civil Air Patrol, William Sydow, William Blatchley, and Paul Creed III.

## PARTIES

1. Plaintiff Jacob Stauffer is a resident of Texas and of this District.

2. Defendant Civil Air Patrol ("CAP") is a federally chartered corporation. 10 U.S.C. § 9491; 36 U.S.C. § 40301. At all times relevant, CAP was not carrying out any mission assigned by the Secretary of the Air Force. Accordingly, at all times relevant, CAP was not acting as an instrumentality of the United States. 10 U.S.C. § 9491(a)(2); 10 U.S.C. § 9492(b)(2).

3. CAP's principal place of business is in Alabama, and can be served at 105 S. Hansell Street, Building 714, Maxwell AFB, Alabama 36112.

4. Defendant William Sydow is a resident of the state of Virginia, and can be served at 18728 Kerill Rd, Triangle, Virginia 22172. Sydow is the Cyber Program Coordinator for CAP.

5. Defendant Paul Creed III is a resident of the state of Ohio, and can be served at 120 North Lincoln Street, Kent, OH 44240. Creed is the Cadet Cyber Curriculum Coordinator for CAP.

6. Defendant William Blatchley is a resident of the state of Colorado, and can be served at 2686 S Yukon Court, Denver, CO 80227. Blatchley is the Cyber Competition Specialist for CAP.

## JURISDICTION AND VENUE

7. This is a civil action seeking damages and injunctive relief under the Copyright Act, 17 U.S.C. § 101, *et seq*.

8. This Court has subject matter jurisdiction over Plaintiff's claims arising under the Copyright Act pursuant to 28 U.S.C. § 1331 and § 1338(a).

9. This Court has personal jurisdiction over Defendants because they have minimum contacts with the State of Texas. Defendants have purposely availed themselves of the laws of Texas. CAP maintains a continuous and regular presence in Texas and in this District. CAP maintains and operates the Texas  wing headquarters and a number of regional groups throughout Texas. CAP's Texas "Group V" is located in and operates in this District.

10. CAP is registered to pay franchise tax in Texas and, on information and belief, does pay franchise tax in Texas.

11. CAP and the other Defendants regularly conduct business in this District, including planning, creating, and administering cyber defense education courses in this District. These courses are the basis for Stauffer's copyright allegations and claims.

12. All of Defendants' acts and omissions giving rise to Stauffer's claims occurred in and were purposefully and knowingly directed toward Texas and this District, including the recent acts

of willful copyright infringement alleged herein. Defendants have knowingly caused injury to Stauffer and his intellectual property within the State of Texas and this District

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and copyright information removal, the injury to Plaintiff, and the other wrongful conduct alleged occurred in this District; and (b) Defendants have a sufficient connection with this District to make venue proper, all as alleged in this Complaint.

## GENERAL ALLEGATIONS

**Stauffer's work in creating the Cyber Defense Training Academy Curriculum**

14. Stauffer is a cybersecurity professional who currently works as a cybersecurity consultant to a variety of industries. Stauffer spent seven years as a civil servant in the United States Air Force ("USAF").

15. Stauffer also has been a CAP volunteer and member for 21 years. From 2011-2017, Stauffer volunteered as a subject matter expert in cybersecurity as a coach for the CAP CyberPatriot program. His experiences as a coach caused Stauffer to realize there was a need for more formal cybersecurity training and education that would better prepare CAP cadets and adult leaders for the CyberPatriot competition and fulfill the growing demand for cybersecurity professionals in the defense and other industries.

16. Between April and August 2014, Stauffer started the initial phases of developing a cybersecurity education academy primarily focused on training CAP cadets between the ages of 12 to 20 years. Stauffer called the program the "Cyber Defense Training Academy," or "CDTA."

17. During this time, Stauffer began developing the curriculum for the first course, establishing logos and mission and vision statements, establishing a website, and soliciting funding from multiple for profit and non-profit organizations to pay for operational costs. The initial

education requirements for the first course was called "Cyberspace Familiarization Course," or "CFC," which Stauffer proposed to CAP national headquarters. Stauffer was the original creator of CFC. Other CAP volunteers, who like Stauffer were not CAP employees, assisted Stauffer in creating CFC content during their free time.

18. During August 2014, Stauffer and other CAP volunteers conducted the first CDTA activity, using CFC as the primary course materials.

19. The August 2014 CDTA activity was a seven-day in-residence course held entirely at Lackland Air Force Base, San Antonio, Texas. From that point on, San Antonio, Texas has been the main location for all CDTA activities.

20. In October 2014, due to the success of the first CDTA activity, Stauffer was confirmed to a volunteer national cyber coordinator position with CAP headquarters. He was assigned three team members within the National Cyber Team: Defendant Blatchley, Defendant Sydow, and Jonathan Lartigue. Stauffer's and his team's goal was to develop a strategy for cadet cybersecurity education and operations under CAP's cadet program.

21. During his time leading CDTA, Stauffer authored a number of other original cyber education training curriculums for CDTA, including "Cyberspace Instructor Course" (CIC), "Cyberspace Principles Course" (CPC), and "Cyberspace Advanced Course" (CAC).

22. In early 2018, Stauffer sought to resign from his national cyber coordinator position with CAP headquarters because he believed there was lack of support from his immediate supervisor, Curtis LaFond. Stauffer intended to and did continue his prior roles leading and developing curriculum for CDTA.

23. The incoming CAP national commander and CEO, Mark Smith, asked Stauffer to reconsider his resignation during the 2018 CAP Texas Wing Conference in San Marcos, Texas.

Smith informed Stauffer he would have a discussion with LaFond regarding the National Cyber Team's efforts and invited the team to CAP Headquarters to discuss the program's goals and development. Stauffer and Defendant Creed, who had been recently appointed to the National Cyber Team, went to CAP headquarters in Spring 2018 to meet with CAP leadership. But the meeting did not alleviate Stauffer's concerns with the support for the CDTA program and the team's efforts to build a better cybersecurity program.

24. During the summer of 2018, Stauffer continued to lead the CDTA program, and expressed his concerns with the CDTA program's execution and financial mismanagement by Defendant Sydow to LaFond and Wendy Hamilton, CAP's Director of Cadet Activities. Finding his concerns ignored, Stauffer resigned from his role as the CDTA team leader.

25. Stauffer explained to CAP leadership that he would be taking the intellectual property he developed building CDTA to a different echelon in CAP, and would conduct CDTA programs at those levels. This intellectual property included Stauffer's copyrighted curriculum that he authored (including CFC, CAC, CIC, and CPC) (collectively "CDTA Material") along with the "Cyber Defense Training Academy" name and corresponding original logo.

26. Smith soon responded to Stauffer, and contended the CDTA Material belonged to CAP.

27. In response, Stauffer reminded Smith that Stauffer was purely a volunteer, and thus he owned the copyrights under the law because Stauffer never assigned CAP any rights in the CDTA Material.

28. A few months later, Texas CAP leadership informed Stauffer that Smith had banned Stauffer from all CAP cyber-related activities, and that Stauffer should stop asserting his intellectual property rights in the CDTA Material if he wanted the ban lifted.

29. In late 2018, Stauffer sent LaFond and CAP's council a proposed memorandum of

understanding, in a good-faith attempt to clarify and finalize the terms of CAP's use of Stauffer's intellectual property. CAP did not respond.

### Defendants Acts of Willful Infringement and Unlawful Removal of Copyright Management Information

30. In early 2019, Stauffer learned that CAP intended to distribute and use the CDTA Material with CAP's 2019 summer cyber programs. Stauffer sent a cease-and-desist letter to CAP headquarters, asking that CAP stop using the CDTA Material without Stauffer's authorization. Stauffer informed CAP that he was still willing to work on a resolution in furtherance of the memorandum of understanding he sent in late 2018. In a set of early communications, CAP informed Stauffer that it was willing to consider an assignment of, or license to, the CDTA Material.

31. But sometime between May and July of 2019, CAP and several of its staff, including Defendants Sydow, Creed, and Blatchley, having access to CFC and CAC through their use in prior CAP activities, reproduced and distributed the CFC and CAC course materials without Stauffer's authorization ("Summer 2019 Materials").

32. CAP, along with Defendants Sydow, Creed, and Blatchley, who having leadership roles with CAP's cybersecurity education program and having knowledge of and access to the CDTA Materials, willfully determined to reproduce and distribute the CFC and CAC course materials without Stauffer's authorization.

33. Defendants ordered, directed, and supervised the reproduction, distribution, and use of the infringing materials.

34. Defendants reproduced and distributed the CFC and CAC course materials without Stauffer's authorization despite Stauffer placing CAP on express notice of his copyright in those materials on several occasions prior to May 2019.

35. Defendants made the infringing Summer 2019 Materials with the intent to distribute and use the infringing materials at CAP's summer program in San Antonio, Texas. And Defendants did in fact distribute and use the infringing Summer 2019 Materials at CAP's summer program in San Antonio, Texas.

36. At least Defendants Sydow and Blatchley traveled to San Antonio to attend, supervise, and participate in the 2019 summer program at which the infringing Summer 2019 Materials were distributed and used. On information and belief, Creed also supervised and participated in the 2019 summer program in San Antonio, either in person or remotely.

37. The Summer 2019 Materials were substantially similar, if not nearly identical to the CFC and CAC materials. The Summer 2019 Materials included substantially the same text and images as the CFC and CAC, and arranged them in a substantially similar way.

38. In producing the infringing Summer 2019 Materials, Defendants also removed copyright notice and authorship information from the CFC and CAC materials, including Stauffer's name as the primary author, and the "© 2014-2018 CYBER DEFENSE TRAINING ACADEMY ALL RIGHTS RESERVED" copyright notice. Defendants did so despite being on notice of Stauffer's copyright in CFC and CAC. Defendants distributed the Summer 2019 Materials knowing that the copyright notice and authorship information had been removed in reproducing the CFC and CAC materials without Stauffer's authorization.

39. Defendants also have and continue to willfully infringe Stauffer's copyright in the CPC course materials, having access to CPC through its use in prior CAP activities. Defendants have and continue to willfully infringe CPC despite Stauffer placing Defendants on notice of his copyright in CPC.

40. CAP's website informs cadets and visitors that it offers the CPC course as part of its

cyber education offerings:[1]

### Cyberspace Principles Course

This course is designed to familiarize students with the principles of cyber security and information assurance. Students will learn common terms and definitions along with basic principles like: cryptography, current threats, and ethics. Students will also learn common issues facing youth to include: cyber crime, cyber stalking, and cyber bullying. This course is a prerequisite for the Cyberspace Familiarization Course (NCSA).

Senior members and cadets are encouraged to teach this course at their local squadron, group, wing, or region; however, they must register as an instructor. If you are interested in teaching this course, please email cdta.staff@cap.gov and follow this template:

- **Subject of Email:** Cyberspace Principles Instructor
- **Body of Email:** Full name of lead instructor with CAPID, full name of other instructor(s) with CAPID, date of the activity, projected number of students, hosting unit (e.g. SWR-TX-007 or MER-MD-001)

All cadet instructors MUST have a senior member mentor during the activity. This mentor should be the lead instructor. If you have any questions, please email us.

Once your course is properly registered, the instructor will receive access to the Google Classroom where the course is hosted and from where cadets can be added as students.

41. Defendants also reproduced and distributed CPC during the 2019 summer programs, without Stauffer's authorization. For example, a welcome memorandum for CAP's 2019 cyber education summer program in Maryland indicates that CAP distributed and used CPC in the 2019 summer programs without Stauffer's authorization.[2]

42. On information and belief, Defendants knowingly distributed and used infringing copies of CPC having removed copyright notice and authorship information from CPC without Stauffer's authorization, as they did with the Summer 2019 Materials that infringed CAC and CFC.

43. CAP also continues to offer its cybersecurity education programs under the "Cyber Defense Training Academy" name and associated logos that Stauffer created.

44. While CDTA was endorsed by USAF commanders, it was never part of any USAF mission.

---

[1] https://www.gocivilairpatrol.com/programs/cadets/activities/cyber, *last accessed* October 28, 2019.

[2] https://www.gocivilairpatrol.com/careerfairs/c40c5d73f6d44d1c87b2c58dfba9ab15/documents/4568c7b0c7cd4fb9ab0145ebb519d2b9/document/embed, *last accessed* October 28, 2019.

45. All of Stauffer's time and efforts spent on developing the CDTA Material was as a volunteer, and never as part of his duties as a USAF civil employee. CAP never paid Stauffer never for his time and efforts related to CDTA, or for the CDTA Materials he authored.

46. Stauffer never agreed to assign any of his rights and interests in the CDTA Material he created to CAP or any other person or entity. Stauffer never granted CAP a license to the CDTA Material. And Stauffer maintained control over the CDTA Material he created throughout his time working with the CDTA program, including ensuring that the CDTA Material contained copyright notice and authorship information.

47. The CDTA program was a popular and successful program due to Stauffer's leadership and his work in creating the CDTA Material.

48. CAP has knowingly directed and encouraged the unauthorized distribution and use of the CDTA Material, and has done so for the purpose of benefitting from the past success of CDTA resulting from Stauffer's leadership and his original course materials, including CFC, CAC, CPC, and CIC.

49. Instead of developing new materials for use with its cyber education programs after Stauffer placed CAP on notice several times of his intellectual property rights in the CDTA Material, CAP elected instead to reproduce and distribute CFC, CAC, and CPC without Stauffer's authorization.

50. On information and belief, CAP specifically encouraged Defendants Sydow, Blatchley, and Creed to misappropriate and infringe Stauffer's intellectual property for CAP's Summer 2019 program, with the express purpose of benefitting from Stauffer's original works and leadership efforts in building the successful CDTA program.

51. Stauffer continues to work in and consult in the cybersecurity industry in Texas. He is

in the process of developing a Texas-based cyber security education course, for which he intends to use and build upon the copyrighted CDTA Material he created while volunteering for CAP.

52. Defendants' willful infringement and removal of copyright management information, knowing at all times relevant that Stauffer lives and works in Texas, has damaged (a) Stauffer's ability utilize his original work to develop a Texas-based cyber security education course, (b) Stauffer's reputation and standing as a cybersecurity expert in Texas, and (c) Stauffer's reputation and standing as a Texas CAP member and volunteer.

**Stauffer's Registered Copyrights for the CDTA Curriculum**

53. A copyright registration certificate for CFC was issued to Stauffer by the United States Copyright Office, having registration number TX0008780966 and an effective registration date of March 3, 2019. A copy of the CFC registration as reflected in the Copyright Office's online catalog is attached as **Exhibit A**.

54. A copyright registration certificate for CAC was issued to Stauffer by the United States Copyright Office, having registration number TX0008780970 and an effective registration date of March 3, 2019. A copy of the CAC registration as reflected in the Copyright Office's online catalog is attached as **Exhibit B**.

55. A copyright registration certificate for CPC was issued to Stauffer by the United States Copyright Office, having registration number TX0008780959 and an effective registration date of March 3, 2019. A copy of the CPC registration as reflected in the Copyright Office's online catalog is attached as **Exhibit C**.

56. A copyright registration certificate for CIC was issued to Stauffer by the United States Copyright Office, having registration number TX0008773029 and an effective registration date of May 6, 2019. A copy of the CIC registration as reflected in the Copyright Office's online catalog

is attached as **Exhibit D**.

<u>**COUNT I – COPYRIGHT INFRINGEMENT**</u>

57. Stauffer fully incorporates by reference herein the allegations in Paragraphs 1-53.

58. Defendants directly infringed Stauffer's registered copyrights in CFC, CAC, and CPC in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

59. In addition, or alternatively, Defendants contributed to the infringement of Plaintiff's registered copyrights in CAC, CFC, and CPC in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501. Defendants knew or should have known that reproducing and distributing the 2019 Summer Materials was an infringement of Stauffer's copyrights in CFC and CAC, as Stauffer placed them on notice of his copyrights well before summer of 2019.  Defendants knew or should have known that reproducing and distributing CPC was an infringement of Stauffer's copyright in CPC, as Stauffer placed Defendants on notice of his copyrights in CPC several times, including well before the summer of 2019. Defendants materially contributed to the direct infringement of CFC, CAC, and CPC, including by directing or providing the means for the direct infringement.

60. In addition, or alternatively, Defendant CAP is vicariously liable for the direct infringement of CAC, CFC, and CPC. CAP had ultimate oversight of its cyber summer programs and what material would be used in connection with those programs. Instead of developing new materials for use with its cyber education programs after Stauffer placed CAP on notice several times of his intellectual property rights in the CDTA Material, CAP elected instead to encourage and supervise the unauthorized reproduction and distribution of CFC, CAC, and CPC without CAP did so with the express purpose of benefitting from the past success of CDTA resulting from Stauffer's leadership and his original course materials, including CFC, CAC, and CPC.

61. Defendants' acts of infringement were willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

62. As a direct and proximate result of said infringement by Defendants, Stauffer is entitled to damages in an amount to be proven at trial.

63. Stauffer is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

64. Stauffer is informed and believes that unless enjoined and restrained by this Court, Defendants will continue to infringe Stauffer's rights in the CDTA Material, to the irreparable injury of Stauffer. Stauffer is also entitled to injunctive relief to enjoin Defendants from further infringement of the CDTA Material.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

65. Stauffer fully incorporates by reference herein the allegations in Paragraphs 1-60.

66. In violation of 17 U.S.C § 1202(b), Defendants knowingly removed copyright management information from CFC, CAC, and CPC without Stauffer's permission, and distributed the unauthorized copies of Stauffer's work with actual or constructive knowledge that authorship and copyright notice information had been removed or altered without Stauffer's permission.

67. As a direct and proximate result of Defendants' acts, Stauffer is entitled to damages in an amount to be proven at trial, pursuant to 17 U.S.C § 1203(c).

68. Stauffer is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b) and otherwise according to law.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants, individually, jointly, and severally, as follows:

1.  For statutory and/or actual damages in such amount as may be found, or as otherwise permitted by law, including enhanced damages based on Defendants' willful and deliberate conduct;

2.  For a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from infringing Plaintiff's copyrights in the CDTA Material;

3.  For prejudgment interest, according to law;

4.  For Plaintiff's attorneys' fees, costs, and disbursements in this action; and

5.  For such other and further relief as the Court may deem just and proper.

Dated: October 31, 2019                                    Respectfully,

<u>/s/ JT Morris</u>
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

Attorneys for Plaintiff Jacob Stauffer

# EXHIBIT A

```
Type of Work:        Text

Registration Number / Date:
                     TX0008780966 / 2019-03-08

Application Title: Cyberspace Familiarization Course.

Title:               Cyberspace Familiarization Course.

Description:         Electronic file (eService)

Copyright Claimant:
                     Jacob Stauffer.

Date of Creation:  2014

Date of Publication:
                     2014-08-01

Nation of First Publication:
                     United States

Authorship on Application:
                     Jacob Stauffer; Citizenship: United States. Authorship:
                        text.
                     Lance Bramble; Citizenship: United States. Authorship:
                        text.
                     Jonathan Lanning; Citizenship: United States. Authorship:
                        text.
                     Brett Clavier; Citizenship: United States. Authorship:
                        text.
                     Michael Lester; Citizenship: United States. Authorship:
                        text.
                     Joseph Booker; Citizenship: United States. Authorship:
                        text.
                     Markus Borneman; Citizenship: United States. Authorship:
                        text.
                     Shaun Herron; Citizenship: United States. Authorship: text.
                     Freddie Morales Torres; Citizenship: United States.
                        Authorship: text.
                     Adam Harris; Citizenship: United States. Authorship: text.
                     Eric Molinaro; Citizenship: United States. Authorship:
                        text.
                     Roque Otero Ostolaza; Domicile: United States; Citizenship:
                        United States. Authorship: text.
                     Anthony Particini; Citizenship: United States. Authorship:
                        text.
                     Daniel Wolfford; Citizenship: United States. Authorship:
                        text.

Pre-existing Material:
                     artwork.

Basis of Claim:    text.

Rights and Permissions:
                     Jacob Stauffer, 17702 Maui Sands, San Antonio, TX, 78255,
                        (210) 201-6925, jstauffer07@gmail.com

Copyright Note:    C.O. correspondence.

Names:               Stauffer, Jacob
                     Bramble, Lance
                     Lanning, Jonathan
```

```
                Clavier, Brett
                Lester, Michael
                Booker, Joseph
                Borneman, Markus
                Herron, Shaun
                Morales Torres, Freddie
                Harris, Adam
                Molinaro, Eric
                Otero Ostolaza, Roque
                Particini, Anthony
                Wolfford, Daniel


=============================================================================
```

# EXHIBIT B

```
Type of Work:        Text

Registration Number / Date:
                     TX0008780970 / 2019-03-08

Application Title: Cyberspace Advanced Course.

Title:               Cyberspace Advanced Course.

Description:         Electronic file (eService)

Copyright Claimant:
                     Jacob Stauffer.

Date of Creation:  2015

Date of Publication:
                     2015-05-26

Nation of First Publication:
                     United States

Authorship on Application:
                     Jacob Stauffer; Citizenship: United States. Authorship:
                        text.
                     Nicholas McLarty; Citizenship: United States. Authorship:
                        text.
                     Andrew Van Hise; Citizenship: United States. Authorship:
                        text.

Pre-existing Material:
                     artwork.

Basis of Claim:    text.

Rights and Permissions:
                     Jacob Stauffer, 17702 Maui Sands, San Antonio, TX, 78255,
                        (210) 201-6925, jstauffer07@gmail.com

Copyright Note:    C.O. correspondence.

Names:               Stauffer, Jacob
                     McLarty, Nicholas
                     Van Hise, Andrew

================================================================================
```

# EXHIBIT C

```
Type of Work:        Text

Registration Number / Date:
                     TX0008780959 / 2019-03-08

Application Title: Cyberspace Principles Course.

Title:               Cyberspace Principles Course.

Description:         Electronic file (eService)

Copyright Claimant:
                     Jacob Stauffer.

Date of Creation:  2016

Date of Publication:
                     2016-06-01

Nation of First Publication:
                     United States

Authorship on Application:
                     Jacob Stauffer; Citizenship: United States. Authorship:
                        text, artwork.

Pre-existing Material:
                     photograph(s)

Basis of Claim:    text, artwork.

Rights and Permissions:
                     Jacob Stauffer, 17702 Maui Sands, San Antonio, TX, 78255,
                        (210) 201-6925, jstauffer07@gmail.com

Copyright Note:    C.O. correspondence.

Names:               Stauffer, Jacob

================================================================================
```

# EXHIBIT D

```
Type of Work:       Text

Registration Number / Date:
                    TX0008773029 / 2019-05-06

Application Title: Cyberspace Instructor Course.

Title:              Cyberspace Instructor Course.

Description:        Electronic file (eService)

Copyright Claimant:
                    Jacob Stauffer.

Date of Creation:  2016

Date of Publication:
                    2016-06-01

Nation of First Publication:
                    United States

Authorship on Application:
                    Jacob Stauffer; Citizenship: United States. Authorship:
                       text.

Pre-existing Material:
                    photograph(s), artwork.

Basis of Claim:     text.

Copyright Note:     C.O. correspondence.

Names:              Stauffer, Jacob
```

================================================================================